# EXHIBIT A

SUMMONS

## IN THE SUPERIOR/STATE COURT OF COBB COUNTY

### STATE OF GEORGIA

CIVIL ACTION
NUMBER **15 A** **2254-6**

NELLIE SMITH, individually and as the Temporary

and Anticipated Administrator of the Estate of

ANNICE BRANNON, deceased                         $195 COST PAID

PLAINTIFF

VS.                                                                    $5.00 RUSH FEE PD

GGNSC ROME, LLC d/b/a GOLDEN LIVINGCENTER-ROME, GGNSC HOLDINGS, LLC,
GOLDEN GATE NATIONAL SENIOR CARE, LLC, GGNSC ADMINISTRATIVE SERVICES, LLC,
GOLDEN GATE ANCILLARY, LLC, GGNSC CLINICAL SERVICES, LLC and JOHN/JANE DOES I and II

DEFENDANT

### SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**William F. Holbert**
**SPMH Law, LLC**
**Two Ravinia Drive, Suite 1330**
**Atlanta, GA 30346**

an answer to the complaint which is herewith served you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 15 day of _____Sept_____, 20 15

Clerk of Superior/State Court

BY_____

Deputy Clerk

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

NELLIE SMITH, Individually and as the  )
Temporary and Anticipated Administrator )
of the Estate of ANNICE BRANNON,        )
Deceased,                               )
                                        )
    **Plaintiff,**                  )    **CIVIL ACTION FILE NO.:**
                                        )
                                        )    15 A 2256-6
**v.**                                  )
                                        )
GGNSC ROME, LLC d/b/a GOLDEN            )
LIVINGCENTER-ROME; GGNSC               )
HOLDINGS, LLC; GOLDEN GATE             )
NATIONAL SENIOR CARE, LLC; GGNSC       )
ADMINISTRATIVE SERVICES, LLC;          )
GOLDEN GATE ANCILLARY, LLC; GGNSC      )
CLINICAL SERVICES, LLC; and            )
JOHN/JANE DOES I and II,               )
                                        )
    **Defendants.**                 )

---

## COMPLAINT FOR DAMAGES

---

Now comes, NELLIE SMITH ("Plaintiff"), individually and as the Temporary and Anticipated Administrator of the Estate of ANNICE BRANNON, ("Ms. Brannon") deceased, and presents her complaint for damages against Defendants GGNSC ROME, LLC d/b/a GOLDEN LIVINGCENTER-ROME, GGNSC HOLDINGS, LLC, GOLDEN GATE NATIONAL SENIOR CARE, LLC, GGNSC ADMINISTRATIVE SERVICES, LLC, GOLDEN GATE ANCILLARY, LLC, GGNSC CLINICAL SERVICES, LLC and JOHN/JANE DOES I and II, as follows:

1.    In this action, Plaintiff Nellie Smith shows that the Defendants' violations of federal and state law and regulations in the operation of a long-term care facility, negligence per se, professional negligence, simple negligence and breach of contract in the provision of nursing

home care, treatment and services led directly and proximately to severe and life threatening injuries, illness, pain, suffering and the death of Nellie Smith. At all times material to this lawsuit, Ms. Smith received care, treatment and supervision while residing at GGNSC ROME, LLC d/b/a GOLDEN LIVINGCENTER-ROME, ("GOLDEN LIVINGCENTER-ROME") which is located in Floyd County, Georgia. The Plaintiff, individually and in her capacity as the Temporary and Anticipated Administrator of the Estate of Annice Brannon, therefore seeks damages to recover upon claims arising under tort and contract.

## JURISDICTION AND VENUE

2.  Plaintiff, Nellie Smith, is an individual over the age of nineteen (19) years and brings this lawsuit individually and in her capacity as the Temporary and Anticipated Administrator of the Estate of Annice Brannon. Plaintiff hereby subjects herself to the jurisdiction of this Court.

3.  Defendant, GGNSC ROME, LLC d/b/a GOLDEN LINVINGCENTER-ROME, is a For-Profit Foreign Limited Liability Company formed under the laws of the State of Delaware with its principle place of business in Rome, GA. This Defendant owns and operates a skilled nursing facility called Golden LivingCenter-Rome in Rome, Floyd County, Georgia. This Defendant can be served with process by service upon its registered agent for service of process in this State: CSC of Cobb County, Inc., 192 Anderson Street SE, Suite 125, Marietta, GA 30060.

4.  Defendant, GGNSC HOLDINGS, LLC is a Foreign Limited Liability Company formed under the laws of the State of Delaware with its principle place of business in Plano, TX. This Defendant owns and operates a skilled nursing facility called Golden LivingCenter-Rome in Rome, Floyd County, Georgia. This Defendant can be served with process by service upon its

registered agent for service of process in this State: CSC of Cobb County, Inc., 192 Anderson Street SE, Suite 125, Marietta, GA 30060.

5.  Defendant, GOLDEN GATE NATIONAL SENIOR CARE, LLC is a Foreign Limited Liability Company formed under the laws of the State of Delaware with its principle place of business in Plano, TX.  This Defendant owns and operates a skilled nursing facility called Golden LivingCenter-Rome in Rome, Floyd County, Georgia.  This Defendant can be served with process by service upon its registered agent for service of process in this State: CSC of Cobb County, Inc., 192 Anderson Street SE, Suite 125, Marietta, GA 30060.

6.  Defendant, GGNSC ADMINISTRATIVE SERVICES, LLC is a Foreign Limited Liability Company formed under the laws of the State of Delaware with its principle place of business in Plano, TX.  This Defendant owns and operates a skilled nursing facility called Golden LivingCenter-Rome in Rome, Floyd County, Georgia. This Defendant can be served with process by service upon its registered agent for service of process in this State: CSC of Cobb County, Inc., 192 Anderson Street SE, Suite 125, Marietta, GA 30060.

7.  Defendant, GOLDEN GATE ANCILLARY, LLC is a Foreign Limited Liability Company formed under the laws of the State of Delaware with its principle place of business in Plano, TX.  This Defendant owns and operates a skilled nursing facility called Golden LivingCenter-Rome in Rome, Floyd County, Georgia.  This Defendant can be served with process by service upon its registered agent for service of process in this State: CSC of Cobb County, Inc., 192 Anderson Street SE, Suite 125, Marietta, GA 30060.

8.  Defendant, GGNSC CLINICAL SERVICES, LLC is a Foreign Limited Liability Company formed under the laws of the State of Delaware with its principle place of business in Plano, TX.  This Defendant owns and operates a skilled nursing facility called Golden

LivingCenter-Rome in Rome, Floyd County, Georgia. This Defendant can be served with process by service upon its registered agent for service of process in this State: CSC of Cobb County, Inc., 192 Anderson Street SE, Suite 125, Marietta, GA 30060.

9.     Upon proper service of process, and based on the foregoing, jurisdiction is proper in this Court. Venue is proper in this Court under OCGA § 9-10-31.

**PARTIES**

10.     Plaintiff Nellie Smith is the sister of Annice Brannon. Plaintiff brings this suit individually and in her capacity as the Temporary and Anticipated Administrator of the Estate of Annice Brannon. Ms. Annice Brannon is survived by no spouse, children or parents. Plaintiff seeks to recover upon Ms. Brannon's individual claims against Defendants arising in tort and contract in her individual capacity and in her capacity as the Temporary and Anticipated Administrator of Annice Brannon's Estate.

11.     The Defendant entities known as GGNSC ROME, LLC. d/b/a GOLDEN LIVINGCENTER-ROME, GGNSC HOLDINGS, LLC., GOLDEN GATE NATIONAL SENIOR CARE, LLC, GGNSC ADMINISTRATIVE SERVICES, LLC, GOLDEN GATE ANCILLARY, LLC, and GGNSC CLINICAL SERVICES, LLC, (Collectively "Defendants") own and operate a long-term skilled nursing care facility called Golden LivingCenter-Rome located at 1345 Redmond Road, Rome, GA 30165. The Defendant entities were contractually charged with responsibility for the provision of residence, care, treatment and convalescent/rehabilitation services to Ms. Annice Brannon. The Defendants negligently failed at their responsibilities as described below.

12.     Defendant John/Jane Doe I at all relevant times was the Administrator at Golden LivingCenter-Rome during Ms. Brannon's residency. Defendant John/Jane Doe II at all relevant

times was the Director of Nursing Services at Golden LivingCenter-Rome during Ms. Brannon's residency. In these capacities, each of these Defendants were responsible for ensuring that Ms. Brannon received the medical and nursing care, treatment and services necessary to address her medical and nursing needs and her needs with respect to her activities of daily living. These Defendants were also responsible for discovering, investigating, preventing and correcting all instances of resident abuse, mistreatment and neglect. They were responsible for proper and timely communication of Ms. Brannon's medical condition and needs to her doctor and family when necessary, and providing prompt medical care when it was necessary.

## FACTS

13.     Ms. Annice Brannon was eighty (80) years-old when she was admitted to Golden LivingCenter-Rome on September 9, 2013. At the time of admission, Ms. Brannon had a history of stroke, hypertension, atrial fibrillation, and congestive heart failure. Ms. Brannon remained a resident at Golden LivingCenter- Rome until September 16, 2013, when she was transferred a local hospital and passed away the same day.

14.     On September 9, 2013, Ms. Brannon was admitted to Golden Living Center for rehabilitation services following discharge from an acute hospital with a diagnosis of an intracranial hemorrhage and malignant hypertension. On admission, she was assessed and noted to require extensive assistance with all ADLs.

15.     The Admission Assessment of September 9, 2013 indicated normal vital signs. Ms. Brannon was alert with short term memory problems and she needed assistance with decision making. Lung sounds were clear and mucous membranes were moist. She had poor skin integrity with a red area to the right heel and a 9.5 x 5 x 0, purple/red colored area with areas of open skin to her buttocks. She was incontinent of bowel and bladder. She had persistent

left-sided weakness. The assessment indicated she was at nutritional risk due to poor appetite and swallowing problems. An immediate Care Plan for nutrition and dehydration was initiated, but had limited interventions.

16.     The Nurse's Notes of September 9, 2013 indicate Ms. Brannon was on a pureed diet with honey thick liquids. She required assistance with feeding. She was alert and able to make herself understood.

17.     On September 10, 2013, a Care Plan for alteration in kidney function, stage III chronic renal failure was developed. The only intervention for the care plan was administering medications as ordered. A full body assessment was not noted as having been performed and there were no care plans developed for skin integrity risk or aspiration risk.

18.     On September 11, 2013, the Nurses Note was as follows: "Resident restless this evening, earlier in shift confusion noted. Reminders of time of day given. Breathing even and unlabored. Skin warm and dry. Willing to work with therapy. Sister unable to visit today but called to check on resident." There is no evidence of a thorough assessment, or vital signs.

19.     On September 12, 2013, a Wound Care Note documented the following wounds present on admission: 1.) Unstageable pressure wound (due to necrosis) to the left lower sacrum, 12.5 x 5.9 x 0 cm., no drainage with 90% eschar and 10% granulation; 2.) Stage II right sacrum 11.5 x 5 x 0.1 cm, draining light serous exudate; 3.) Unstageable (pressure related) deep tissue injury to right heel. Wound care was ordered by the treating physician and a plan was created to float heels while in bed, sponge boots to feet, reposition per policy, and daily vitamin regimen.

20.     On September 15, 2013, the MDS Assessment indicated Ms. Brannon required extensive assistance for all ADLs, including eating.

21.     On September 15, 2013 at 7:30 pm, a Change in Condition Note indicated Ms. Brannon had broken out in a cold sweat and was vomiting. She had a temperature of 98.1, pulse of 59, BP of 148/73, but her respirations were not recorded. Ms. Brannon's oxygen saturations were 94%. The nurse wrote, "I am not sure of what the problem is, but there has been an acute change of condition. Dr. Lin was notified and ordered zofran, phenergan, and accucheck. The accucheck was not performed, rather it was written on the medication administration record to be initiated the following day. A complete physical assessment was not completed.

22.     On September 15, 2013 at 11:48 p.m., a Change of Condition Note indicated Ms. Brannon was diaphoretic and vomiting. Her vital signs included a temperature of 99.8, pulse of 53, blood pressure of 88/31, and respiration of 20. Ms. Brannon was complaining of left side pain, PRN pain meds were given with relief, and Zofran was given for vomiting with no relief noted. The physician was notified and gave orders to transfer Ms. Brannon to the hospital.

23.     Upon arrival to the Emergency Room, the attending physician noted Ms. Brannon appeared ill and dehydrated, and was in severe distress. Her skin was diaphoretic and pale. Her tongue was "tacky." Lung sounds had bilateral basal crackles. She had critical lab values of potassium 6.4 (range 3.5-5.3), BUN 113 (range 7-18), and Creatinine 7.6 (range 0.6-1.3), indicating dehydration and renal failure. She was given IV fluid bolus due to low blood pressure.

24.     A foley catheter was inserted. The urine was noted to be concentrated, cloudy and had sediment. The urine was noted to be malodorous.

25.     Ms. Brannon was initially alert, and while waiting for admission to the unit. Shortly after admission she had a sudden change in mental status and hypotension with a Blood

Pressure of 80/36. She was in severe distress and unresponsive. She was noted to be in respiratory distress with agonal respirations. She was urgently intubated. A central line was placed and vasopressors were initiated to maintain her blood pressure. She was admitted to the hospital with the diagnoses of: Sepsis; Urinary tract infection; Acute renal failure with severe metabolic acidosis; Severe dehydration; Severe decubitus ulcer- Stage IV; Recent intraparenchymal hemorrhage; and Acute respiratory failure, status post intubation on vent.

26. Ms. Brannon was evaluated by a Nephrologist and felt to be too unstable for dialysis. Her condition was critical and was deteriorating rapidly. She had multiple episodes of asystole, and she was coded multiple times. She did regain a pulse multiple times after essentially asystolic arrest. However, on the last arrest, despite optimal treatment, a pulse could not be recovered and she died.

27. Ms. Brannon died on September 16, 2013 with cause of death listed as cardiopulmonary arrest secondary to multiple factors including sepsis, acute renal failure, and likely hyperkalemia.

## COUNT I - NEGLIGENCE PER SE BASED UPON VIOLATION OF REQUIREMENTS FOR LONG-TERM CARE FACILITIES AT 42 CFR §483.1 et seq. AS TO ALL DEFENDANTS

28. Golden LivingCenter-Rome is a licensed and certified long-term care facility that provides skilled nursing care and rehabilitative services as a participant in the Medicare program and that provides nursing care as a participant in the Medicaid program; Golden LivingCenter-Rome receives funding under the Medicare and Medicaid programs.

29. The U.S. Department of Health & Human Services has promulgated a number of regulations pursuant to its authority under OBRA at 42 USCA § 1395i-3 related to the care, treatment and services provided to residents of skilled nursing facilities participating in the

Medicare program and nursing facilities participating in the Medicaid program.  Among those regulations are the following:

    a.      42 CFR §483.10 and 15(a) provide that the resident has a right to live a dignified existence,

    b.      42 CFR §483.13(c) requires the facility to implement protocols to protect the resident from neglect,

    c.      42 CFR §483.13(c)(2)-(4) requires the facility to investigate all allegations of neglect, and to report the allegations of neglect and the results of the investigation to the appropriate state agency within five (5) days of findings of neglect.   The facility must also take appropriate corrective action upon verification of a violation,

    d.      42 CFR §483.15 requires the facility to care for its residents in a manner that maintains and enhances the resident's quality of life,

    e.      42 CFR §483.15(e)(1) requires that each resident be provided services in the facility to accommodate their individual needs,

    f.      42 CFR §483.20(b) requires the facility to prepare timely comprehensive assessments of the resident's needs,

    g.      42 CFR §483.20(g) requires that the facility must perform an assessment of the Resident that accurately reflects the resident's status.

    h.      42 CFR §483.20(k) requires the facility to develop a comprehensive care plan to meet the resident's medical, nursing and psychosocial needs identified in the comprehensive assessment,

i.      42 CFR §483.20(k)(3) requires that services provided or arranged by the facility meet professional standards of quality and be provided by qualified persons,

j.      42 CFR §483.25 requires the facility to provide services to attain and maintain the highest practicable physical, mental and psychosocial well-being in accordance with the resident's assessments and Care Plan,

k.      42 CFR §483.25(a)(3) requires that the facility must provide the necessary services for a resident to maintain good nutrition, grooming and personal hygiene,

l.      42 CFR §483.25(c)(2) requires that the facility must ensure that if a resident has a pressure sore that he/she receives the necessary treatment and services to promote healing, prevent infection and prevent new sores from developing,

m.      42 CFR §483.25(d)(2) requires that a resident who is incontinent of bladder receives appropriate treatment and services to prevent urinary tract infections and to restore as much normal bladder function as possible,

n.      42 CFR §483.25(i) requires that the facility must ensure that a resident maintains acceptable parameters of nutritional status and receives a therapeutic diet when needed,

o.      42 CFR §483.25(j) requires that the facility must provide each resident with sufficient fluid intake to maintain proper hydration,

p.      42 CFR §483.30 requires the facility to maintain an adequate nursing staff, and to provide a properly qualified nursing staff,

q.  42 CFR §483.35 requires that the facility must provide each resident with a nourishing, palatable, well-balanced diet that meets the daily nutritional and special dietary needs of each resident.

r.  42 CFR §483.35(d) requires that the facility must provide food prepared in a form designed to meet the residents individual needs and that substitutes are offered of similar nutritive value,

s.  42 CFR §483.40 requires the facility to keep the resident's treating physician informed of their medical condition,

t.  42 CFR §483.40(a) requires the facility to ensure that each patient's medical care is supervised by a physician,

u.  42 CFR §483.40(d) requires the facility to provide or make available emergency medical care to residents at any and all times,

v.  42 CFR §483.75 requires that the facility be administered in such a way as to use its resources effectively and efficiently to maintain the highest practicable physical, mental and psychosocial well-being of each resident,

w.  42 CFR §483.75 requires properly trained, qualified and competent staff,

x.  42 CFR §483.75(b) requires the facility to operate and provide services in compliance with law and acceptable professional standards and principles that apply to professionals providing said services,

y.  42 CFR §483.75(h) requires the facility to obtain outside services that meet professional standards and principles, and

z.  42 CFR §483.75(l) requires that the facility must maintain clinical records on each resident in accordance with accepted professional standards and practices.

30. As a licensed and certified long-term care facility which receives funding under the Medicare and Medicaid programs, the Defendants' facility is subject to the above federal regulations for the provision of care, treatment and services to residents of the facility.

31. As described in this Complaint, the Defendants violated the above regulations of the U.S. Department of Health and Human Services in the following acts and omissions, among others, to be demonstrated by the evidence:

a. Defendants failed to administer the nursing facility in such a way as to use its resources effectively and efficiently to maintain the highest practicable physical, mental and psychosocial well-being of Ms. Brannon,

b. Defendants failed to implement protocols to protect Ms. Brannon from neglect,

c. Defendants failed to operate and provide services to Ms. Brannon in compliance with law and acceptable professional standards and principles that apply to professionals providing said services,

d. Defendants failed to provide or arrange services for Ms. Brannon that met professional standards of quality,

e. Defendants failed to prepare the proper assessments and care plans for the identification of patients with condition changes at risk for the development of sepsis and multi-organ failure,

f. Defendants failed to maintain an adequate nursing staff to provide for Ms. Brannon's needs,

g. Defendants failed to provide properly trained, qualified and competent staff to care for Ms. Brannon,

h.     Defendants failed to protect Ms. Brannon from neglect,

i.     Defendants failed to properly train and supervise the nursing staff to provide the appropriate care, monitoring, treatment and services that Ms. Brannon needed,

j.     Defendants failed to timely and adequately communicate Ms. Brannon's medical conditions to her treating physician,

k.     Defendants failed to provide prompt emergency medical treatment to Ms. Brannon when she needed it,

l.     Defendants failed to recognize significant changes in a resident and initiate a resident's transfer to an acute care center sufficient to meet the resident's needs,

m.     Defendants were negligent in all of the acts and omissions described in paragraphs 13-27 above.

32.     The Defendants' acts and omissions constituting violation of the above-referenced federal regulations at 42 CFR §483.1 et seq. constitute negligence per se or negligence as a matter of law pursuant to OCGA §51-1-6.

33.     Defendants' failure to comply with the above federal mandates led directly to Ms. Brannon's serious injury, pain, suffering and death.

34.     As a result of the Defendants' negligence per se and the resultant damages and harm, the Plaintiff is entitled to an award of damages as set out below.

## COUNT II - VIOLATION OF REQUIREMENTS OF THE GEORGIA BILL OF RIGHTS FOR RESIDENTS OF LONG-TERM CARE FACILITIES AT OCGA §31-8-100 et seq. AS TO ALL DEFENDANTS

35.     Golden LivingCenter-Rome is a "long-term care facility" as that term is defined under OCGA §31-8-102(3).

36.     The State of Georgia has promulgated the *Bill of Rights for Residents of Long-Term Care Facilities* at OCGA §31-8-100 et seq. which sets out requirements for those providing care, treatment, and services to residents of long-term care facilities in this state. In particular, OCGA § 31-8-108(a) requires that residents of long-term care facilities receive care, treatment, and services that are adequate and appropriate and which must be provided with reasonable care and skill and in compliance with all applicable laws and regulations (including those listed in the preceding count of this Complaint), and with respect for the resident's personal dignity, among other requirements.

37.     Pursuant to its authority granted by statute, the Georgia Department of Human Resources has promulgated a number of regulations for the provision of care, treatment, and services to residents of long-term care facilities. In particular, GA ADC 290-5-39-.07 requires that each resident be provided with care, treatment and services which are adequate and appropriate for the condition of the resident as determined by the resident's developing care plan. The regulation also requires that services be provided with reasonable care and skill and in compliance with all applicable laws and regulations (including the state laws and federal regulations identified above).

38.     The Defendants violated the provisions of the *Georgia Bill of Rights for Residents of Long-Term Care Facilities* and the regulations of the Georgia Department of Human Resources identified above in all of the acts and omissions that are described in this Complaint for Damages. Among the acts and omissions constituting violation of the *Georgia Bill of Rights for Residents of Long-Term Care Facilities* are the following:

a.    Defendants failed to administer the nursing facility in such a way as to use its resources effectively and efficiently to maintain the highest practicable physical, mental and psychosocial well-being of Ms. Brannon,

b.    Defendants failed to implement protocols to protect Ms. Brannon from neglect,

c.    Defendants failed to operate and provide services to Ms. Brannon in compliance with law and acceptable professional standards and principles that apply to professionals providing said services,

d.    Defendants failed to provide or arrange services for Ms. Brannon that met professional standards of quality,

e.    Defendants failed to maintain an adequate nursing staff to provide for Ms. Brannon's needs,

f.    Defendants failed to provide properly trained, qualified and competent staff to care for Ms. Brannon,

g.    Defendants failed to protect Ms. Brannon from neglect,

h.    Defendants failed to properly train and supervise the nursing staff to provide the appropriate care, treatment and services that Ms. Brannon needed,

i.    Defendants failed to timely communicate Ms. Brannon's medical conditions to her treating physician,

j.    Defendants failed to provide prompt emergency medical treatment to Ms. Brannon when she needed it,

k.    Defendants were negligent in all of the acts and omissions described in paragraphs 13-27 above.

39.     Pursuant to OCGA §31-8-126(a), the Plaintiff has a cause of action for damages against the Defendants as a result of Defendants' violations of the rights granted under the *Georgia Bill of Rights for Residents of Long-Term Care Facilities* such as those identified under OCGA §31-8-108(a).

40.     Additionally, the Defendants' violations of the *Georgia Bill of Rights for Residents of Long-Term Care Facilities* and the regulations of the Georgia Department of Human Resources set out above constitute negligence per se or negligence as a matter of law pursuant to OCGA §51-1-6.

41.     Defendants' failure to comply with the *Georgia Bill of Rights for Residents of Long-Term Care Facilities* and the regulations of the Georgia Department of Human Resources set out above lead directly to the serious injury, terrible pain, suffering, anguish and death of Ms. Brannon.

42.     As a result of the Defendants' acts and omissions constituting violation of the *Georgia Bill of Rights for Residents of Long-Term Care Facilities* and negligence per se, and the resultant damages and harm, the Plaintiff is entitled to an award of damages as set out below.

## COUNT III - GENERAL NEGLIGENCE
## AS TO ALL DEFENDANTS

43.     Annice Brannon entered into a contract for the provision of rehabilitative therapy, care, treatment and services with the Defendants in this action, and pursuant to their agreement the Defendants assumed a duty to exercise ordinary care in the provision of care, treatment, and services to Ms. Brannon.  The Defendants failed to exercise reasonable care in a number of instances with respect to the care, treatment, and services provided to Ms. Brannon, and as a result she sustained serious injury, great pain, suffering, and death as a result as demonstrated below.

44.     Defendants failed to maintain an adequate nursing staff to provide for Ms. Brannon's needs.

45.     Defendants failed to provide properly trained, qualified, and competent staff to care for Ms. Brannon.

46.     Defendants failed to properly train and supervise the nursing staff to provide the appropriate care, treatment, and services that Ms. Brannon needed.

47.     Defendants' staff was negligent in a number of other ways identified herein and to be further demonstrated by the evidence.

48.     Many of the Defendants' acts and omissions described herein are ministerial in nature and constitute simple negligence for which the Defendants are liable to the Plaintiff.

49.     As a direct and proximate result of each one of the above-described negligent acts and omissions, Ms. Brannon suffered grave injury, death and suffered tremendously.

50.     As a result of the foregoing acts and omissions and the resultant injuries, pain, suffering, and death of Ms. Brannon, the Plaintiff is entitled to recover from the Defendants as set out below.

## COUNT IV - PROFESSIONAL NEGLIGENCE
## AS TO ALL DEFENDANTS

51.     Annice Brannon entered into a contract with the Defendants for the provision of rehabilitative therapy, care, treatment, and services at the Defendants' facility, and Defendants failed to provide that care, treatment, and service as described herein.

52.     Pursuant to the requirements of OCGA §9-11-9.1, the Plaintiff has attached hereto the affidavit and CV of Denise Dzialo, RN who is a Registered Nurse duly licensed to practice nursing by the State of Georgia. Nurse Dzialo has prepared an affidavit which sets forth the Defendants' acts and omissions related to the care, treatment, and services provided to Ms.

Brannon which proximately caused her severe injury, pain, suffering, and death and which illustrate Defendants' failure to provide the degree of care and skill required of these Defendants in their professions, as set out below.  The Plaintiff hereby incorporates by this reference the entire contents of Nurse Dzialo's affidavit and CV.

53.    Pursuant to her education, training, and experience, Nurse Dzialo is familiar with the guidelines and regulations of Long-Term Care Facilities including the requirement to comply with physician's orders.

54.    Also pursuant to her education, training, and experience, Nurse Dzialo is familiar with the proper care of patients who have medical conditions similar to Annice Brannon, including, but not limited to, stroke, hypertension, atrial fibrillation, and congestive heart failure.

55.    Pursuant to her education, training, and experience, Nurse Dzialo is fully familiar with the Long Term Care facility requirements for a resident's physical condition to be monitored and care rendered as ordered.

56.    Pursuant to Nurse Dzialo's education, training and experience, she is fully aware of the circumstances under which a patient is in need of the services of a physician for care and treatment of an acute change in condition.  Her experience includes provision of emergency medical care when the patient needs it.

57.    As a result of her education, training and experience as outlined in her attached Affidavit and CV, Nurse Dzialo is fully competent to testify as to the acceptable standards of care with respect to the below referenced aspects of nursing care, both for nursing care that occurs at a nursing home, assisted living facility and/or any type of long-term care setting, as well as nursing care that occurs in a hospital setting.

58.     The standard of care for staff in the long term care setting requires that the staff prepare proper assessments and care plans for the identification of patients with condition changes at risk for the development of sepsis and multi-organ failure caused by improper monitoring, handling, provision of care, and to provide proper care for the prevention and treatment of the same.

59.     The standard of care for staff in the long term care setting requires that the staff provide appropriate monitoring and update care plans when the needs of a resident has changed substantially.

60.     The standard of care for staff in the long term care setting requires that the staff recognize significant changes in a resident and initiate a resident's transfer to an acute care center sufficient to meet the resident's needs.

61.     The standard of care for staff in the long term care setting requires that the staff obtain immediate emergency or hospital care when the resident's condition requires it.

62.     Defendants' nursing staff failed to complete thorough physical assessments on Ms. Brannon.

63.     Defendants' nursing staff failed to develop a care plan with appropriate interventions for a resident at risk for dehydration.

64.     Defendants' nursing staff failed to develop a care plan for skin integrity for a resident admitted with skin issues.

65.     Defendants' nursing staff failed to recognize signs and symptoms of dehydration.

66.     Defendants' nursing staff failed to adequately monitor intake and output.

67.     Defendants' nursing staff failed to inform the physician and family of poor intake.

68.     Defendants' nursing staff failed to recognize Ms. Brannon's deteriorating condition and failed to transfer her to the hospital in a timely manner.

69.     Defendants' nursing staff failed to provide Ms. Brannon the highest practicable physical, mental, and psychosocial well-being.

70.     As a direct and proximate result of each one of the above described failures to follow the acceptable standards of care, Annice Brannon lacked appropriate health care, causing tremendous struggle, pain, suffering, and death.

71.     All of the Defendants' acts and omissions described above constitute professional negligence, as a result of which the Plaintiff is entitled to recover from the Defendant as set out below.

## COUNT V - BREACH OF CONTRACT
## AS TO ALL DEFENDANTS

72.     Annice Brannon entered into a contract on for the provision of rehabilitative therapy, care, treatment, and services with the Defendants in this action, and pursuant to that agreement the Defendants had a duty to exercise ordinary care in the provision of care, treatment, and services to Ms. Brannon. The Defendants failed to exercise reasonable care with respect to the care, treatment and services provided to Ms. Brannon, and she sustained serious illness, injury, pain, suffering, and death as a result.

73.     In the wrongful acts and omissions described in detail above and in the insufficiency of care, treatment, and services outlined herein, the Defendants failed to provide the services that it promised to provide pursuant to the contract for services entered between the Defendants and Ms. Brannon. The Defendants therefore breached the contract for services as set out herein.

74.     As a result of the foregoing, Plaintiff Nellie Smith, in her individual capacity and in her capacity as the Temporary and Anticipated Administrator of the Estate of Annice Brannon, is entitled to recover all amounts paid to obtain services under the contract and all consequential damages arising there from.

**COUNT VI - IMPUTED LIABILITY**
**AS TO ALL DEFENDANTS**

75.     All of Ms. Brannon's injuries and damages were the direct result of the acts and omissions of the agents, servants, and employees of the Defendant business entities, conducted within the course and scope of each individual's employment with the Defendant business entity health care providers.

76.     The Defendant business entities are therefore vicariously liable for the individual employee's and agent's acts and omissions, and for each individual officer, director, employee, agent, and servant's negligent acts and omissions, and the resultant injuries, death, and damages of Ms. Brannon by application of the doctrine of respondeat superior.  The Plaintiff is therefore entitled to recover damages from the Defendants as set out below.

**COUNT VII – WRONGFUL DEATH**
**AS TO ALL DEFENDANTS**

77.     As set out above, Ms. Brannon sustained grievous illness, infection, suffered tremendously, and ultimately died as a direct result of the Defendants' acts and omissions in the provision of care, treatment, and services to her which constituted violations of federal and state law, professional negligence, simple negligence, and negligence per se.

78.     Ms. Brannon is survived by her sister, Annice Brannon, the Plaintiff herein and her brother Robert Ward.

79.     As a result of the Defendants' violations of federal and state law, professional negligence, simple negligence, negligence per se, and Ms. Brannon's resultant death, as set out in detail above, Plaintiff is entitled to recover damages against the Defendants for Ms. Brannon's wrongful death in an amount equal to the full value of the life of the deceased.

## COUNT VII – JOINT ENTERPRISE
## AS TO ALL DEFENDANTS

80.     At the time of the negligent acts and omissions and Annice Brannon's resultant injuries, death, and damages described above, the Defendants combined their property and labor in a joint undertaking for the provision of long-term nursing home care, treatment and services for a fee.  Each had rights of mutual control over all aspects of the residence, care, treatment and services provided to Ms. Brannon while she was a resident at Golden LivingCenter-Rome.

81.     By virtue of the foregoing, all of the Defendants are liable to the Plaintiff herein for money damages as set out below by application of the joint enterprise theory of recovery.

## COUNT VIII – NEGLIGENT HIRING, RETENTION, TRAINING AND SUPERVISION
## AS TO ALL DEFENDANTS

82.     Plaintiff realleges and incorporates by reference its allegations in Paragraphs 1 through 81 as if fully set forth herein.

83.     Defendants operate a nursing home and are subject to the statutes, rules and regulations promulgated by the State of Georgia regarding the operation of a nursing home. Defendants must, at all times, comply with said statutes, rules and regulations.

84.     Pursuant to the applicable statutes, rules and regulations, Defendants are required to hire, train, retain, and supervise a sufficient number of qualified staff to provide the necessary care, treatment and oversight for all residents at Golden LivingCenter-Rome including Annice Brannon.

85.   Defendants failed to hire, train, retain, and supervise a sufficient number of qualified staff to provide the necessary care, treatment and oversight for all residents at Golden LivingCenter-Rome including Annice Brannon.

86.   Defendants' failure to comply with the applicable statutes, rules and regulations, as alleged in the preceding paragraphs, was willful misconduct by Defendants.

87.   Defendants' failure to comply with the applicable statutes, rules and regulations, as alleged in the preceding paragraphs, demonstrates a conscious indifference to the consequences of such failure.

88.   As a proximate result of Defendants' failure to comply with the applicable statutes, rules and regulations, as alleged in the preceding paragraphs, Annice Brannon was neglected, suffered serious illness, injury, pain, suffering, and death as a result.

89.   As a result of the Defendants' negligent hiring, retention, training, supervision, and the resultant damages and harm, the Plaintiff is entitled to an award of damages as set out below.

## COUNT IX - ESTATE'S TORT CLAIMS

90.   Plaintiff realleges and incorporates by reference its allegations in Paragraphs 1 through 89 as if fully set forth herein.

91.   Plaintiff Nellie Smith is the Temporary and Anticipated Administrator of the Estate of Annice Brannon, and she prosecutes these claims in that capacity.

92.   As set out above, Ms. Annice Brannon sustained grievous injuries, illness, infection, pain, suffering as a direct result of Defendants' acts and omissions which constitute violations of federal and state law, professional negligence, general negligence and negligence per se.

93.     In her capacity as the Temporary and Anticipated Administrator of Ms. Brannon's Estate, Plaintiff is entitled to recover all damages to which Ms. Brannon would have been entitled had she survived.   As a result of the Defendants' wrongful conduct, Ms. Brannon incurred medical and related expenses for her care, treatment and services.   Ms. Brannon also endured untold pain and suffering as a result of Defendants' negligent acts and omissions.

94.     Based on the foregoing, Plaintiff, as the Temporary and Anticipated Administrator of Annice Brannon's Estate is entitled to recover from Defendants damages equal to all expenses incurred in the provision of medical care and treatment to Ms. Brannon resulting from the Defendants' wrongful conduct.   This Plaintiff is also entitled to recover damages for Ms. Brannon's conscious pain and suffering resulting from Defendants' wrongful conduct.

**WHEREFORE, the Plaintiff prays for the following:**

a.     That service of process be had upon the Defendants,

b.     That this case be tried before 12 fair and impartial jurors on all issues so triable,

c.     That judgment be entered against the Defendants in amounts in excess of $10,000.00 with all costs to be taxed against the Defendants,

d.     That the Court grant the Plaintiff all other relief that it deems appropriate.

This 15th day of September, 2015.

W. Todd Harvey
Georgia Bar No.:  335553
One of the attorneys for the Plaintiff

**BURKE HARVEY, LLC**
3535 Grandview Parkway
Suite 100
Birmingham, AL 35243
Phone: 205-930-9091
Fax:  205-930-9054
tharvey@burkeharvey.com

Michael A. Prieto
Georgia Bar No.: 587236
William F. Holbert
Georgia Bar No.:  360088
One of the attorneys for the Plaintiff

Of counsel:

Michael A. Prieto
Georgia Bar No.: 587236
**SLOVER  PRIETO  MARIGLIANO & HOLBERT, LLC**
Two Ravinia Drive
Suite 1330
Atlanta, GA  30346

*ATTORNEYS FOR PLAINTIFF*

## AFFIDAVIT

Personally appeared before me, the undersigned officer duly authorized to administer oaths, Denise Dzialo, RN who, after being duly sworn, deposes and states the following:

1.

The affiant is of sound mind and legal age and is fully competent to testify to the matters stated herein. The affiant makes this affidavit upon her own personal knowledge unless otherwise stated herein.

2.

Your affiant is a Registered Nurse licensed to practice nursing in the State of Georgia. I have over 30 years of nursing experience in acute and long term care. I have over 30 years in nurse management experience, including over 16 years as a Director of Nursing in the long term care setting. As shown in my attached CV, I was active in the practice of skilled nursing in a long term care facility or in a hospital setting where I provided frequent and regular care to geriatric residents requiring rehabilitation for three of the last five years immediately preceding Defendants' negligent treatment of Ms. Annice Brannon while at Golden Living Center.

3.

Specifically, from April, 2005 through February, 2006, I was the Director of Clinical Services at Select Specialty Hospital, a Long Term Acute Care facility. I was responsible for overseeing and supervising the nursing care and ADL care, provided by the nursing and non-nursing staff within my unit. I would assist, instruct and provide proper nursing and ADL care on my unit. In addition, I regularly provided monitoring and care of residents with wound care and treatment, pain management, as well as hydration and nutritional support. From March, 2006 through June 2008, I served as the Administrative Nursing Supervisor at Wellstar Cobb

Hospital where my duties were consistent throughout my position there. Along with my management and administrative responsibilities of overseeing, educating and training the nursing and nursing support staff, I provided hands-on clinical care to residents on a daily basis. Many of these residents had suffered strokes and required extensive assistance with activities of daily living. My resident care duties included, but were not limited to:

  a. Rounding every day on residents to do assessments and evaluations for acuity levels, care needs, and compliance with care plans and physician's orders;

  b. Assess residents upon admission to determine appropriate hospital placement. My assessments included, but were not limited to, a review of resident records, conversations with attending nursing staff, and person-to-person evaluation of residents to determine their medical status;

  c. Assess and provide pain management to residents who were admitted with chronic and/or acute pain issues;

  d. Assess and provide care to residents who have hydration and nutrition needs;

  e. Frequently provided wound care, wound care evaluations, consulted with wound care nurses, and assisted with wound care evaluations when requested by the treating physician;

  f. Frequently responded to codes within the hospital for residents in cardiac or respiratory arrest;

  g. Provided care, developed care plans and implemented interventions for residents with recent operative procedures;

  h. Rounded regularly for outcomes, including but not limited to, assessing residents to ensure care plans and physician's orders were followed, and resident

ADL care was being given;

    i.   Regularly provided one-on-one nursing education to staff by providing hands on care with staff at the resident's bed side to demonstrate proper care techniques concerning physical assessments, wound care, infection control, ADL care, mobility, transfers and resident safety;

4.

From July, 2008 through March, 2013, I served as a Director of Nursing for two long term care facilities, first at Gwinnett Extended Care Center, then at Lenbrook Square. I also served as a Director of Nursing from 1996 through 2006 at various other long term care facilities. My duties as a Director of Nursing were consistent throughout my positions at the various facilities. Along with my management and administrative responsibilities of overseeing, educating and training the nursing and nursing support staff, I provided hands-on clinical care to residents on a daily basis. It was not uncommon for resident's condition to deteriorate requiring closer monitoring and/or transfer to an acute care facility. My resident care duties included, but were not limited to those referenced in Paragraph 3 above, and the following:

    a.   Teaching in-services on a variety of care related topics to staff;

    b.   Attending, participating in and drafting of resident care plans;

5.

For a more detailed description of my credentials, including my education, training, experience and employment history, I have attached a true and correct copy of my updated CV to this affidavit.

6.

Based on the foregoing, I have extensive education, training and experience in all aspects of the provision of nursing care, treatment and services to patients in a medical facility for at least three out of the five years preceding Ms. Brannon's residence at Golden Living Center.

7.

Pursuant to my education, training and experience, your affiant is familiar with the guidelines and regulations of Long Term Care Facilities including the requirement to comply with physicians orders.

8.

Also pursuant to my education, training and experience, I am familiar with the proper care of patients who had medical conditions similar to Annice Brannon, including but not limited to stroke, hypertension, atrial fibrillation, and congestive heart failure.

9.

Pursuant to my education, training and experience, I am fully familiar with the Long Term Care facility requirements for a resident's physical condition to be monitored and care rendered as ordered.

10.

Pursuant to my education, training and experience, your affiant is fully aware of the circumstances under which a patient is in need of the services of a physician for care and treatment of acute condition change. My experience includes provision of emergency medical care when the patient needs it.

11.

As a result of my education, training and experience outlined above, I am well qualified to testify as to the acceptable standards of care with respect to the below referenced aspects of nursing care, both for nursing care that occurs at a nursing home, assisted living facility and/or any type of long-term care setting as well as nursing care that occurs in a hospital setting.

12.

The standard of care for staff in the long term care setting requires that the staff prepare proper assessments and care plans for the identification of patients with condition changes at risk for the development of sepsis and multi-organ failure caused by improper monitoring, handling and the provision of care and to provide proper care for the prevention and treatment of the same.

13.

The standard of care for staff in the long term care setting requires that the staff provide appropriate monitoring and update care plans when the needs of a resident has changed substantially.

14.

The standard of care for staff in the long term care setting requires that the staff recognize significant changes in a resident and initiate a resident's transfer to an acute care center sufficient to meet the resident's needs.

15.

The standard of care for staff in the long term care setting requires that the staff obtain immediate emergency or hospital care when the resident's condition requires it.

16.

Your affiant has reviewed records and charts related to the medical and nursing care, treatment and services provided to Annice Brannon by Golden Living Center. In addition, I am familiar with the allegations of the complaint to which this affidavit is attached.

17.

Based upon my review of the records, I have learned the following, which I will assume to be true for purposes of this affidavit:

a. Annice Brannon was 80-years-old when she was admitted to Golden Living Center on September 9, 2013. At the time, Ms. Brannon had a history of stroke, hypertension, atrial fibrillation, and congestive heart failure.

b. On admission, Ms. Brannon was alert with memory and decision making deficits. She was incontinent of bowel and bladder. She had left-sided weakness. She required extensive assistance with all activities of daily living.

c. The admission assessment indicated Ms. Brannon was at nutritional risk due to poor appetite and swallowing problems. An immediate Care Plan for nutrition and dehydration was initiated but had limited interventions.

d. Ms. Brannon was on a pureed diet with honey thick liquids. She required assistance with feeding.

e. On September 10, 2013, a Care Plan for alteration in kidney function, stage III chronic renal failure was developed. The only intervention for the care plan was administering medications as ordered. There was no care plans developed for skin integrity risk or aspiration risk.

f. On September 12, 2013, a wound assessment note indicated an unstageable wound to the

left lower sacrum measuring 12.5 x 5.9 x 0 cm, stage II right sacrum measuring 11.5 x 5 x 0.1 cm and unstageable (pressure related) deep tissue injury to right heel. These wounds were noted to be present on admission.

g.  On September 15, 2013, the MDS Assessment indicated Ms. Brannon required extensive assistance for all ADLs, including eating.

h.  On September 15, 2013 at 7:30 pm, a Change in Condition Note indicated Ms. Brannon had broken out in a cold sweat and was vomiting. She had a temperature of 98.1, pulse of 59, BP of 148/73, but her respirations were not recorded. The oxygen saturations were 94%. The nurse wrote, "I am not sure of what the problem is, but there has been an acute change of condition. Dr. Lin was notified and ordered Zofran, Phenergan, and Accucheck. The Accucheck was not performed rather it was written on the medication administration record to be initiated the following day. A complete physical assessment was not completed.

i.  At 11:48 p.m., a Change of Condition Note indicated Ms. Brannon was diaphoretic and vomiting. Her vital signs included a temperature of 99.8, pulse of 53, BP of 88/31, and respiration of 20. Ms. Brannon was complaining of left side pain, PRN pain meds were given with relief, and Zofran was given for vomiting with no relief noted. The physician was notified and gave orders to transfer Ms. Brannon to the hospital.

j.  Upon arrival to the ER, the physician noted Ms. Brannon appeared ill and dehydrated, and was in severe distress. Her skin was diaphoretic and pale. Her tongue was "tacky." Lung sounds had bilateral basal crackles. She had critical lab values of potassium 6.4 range 3.5-5.3, BUN 113- range 7-18, and Creatinine 7.6, range 0.6-1.3; these indicate

dehydration and renal failure. She was given IV fluid bolus due to low blood pressure.

k.  A Foley catheter was inserted. The urine was noted to be concentrated, cloudy and had sediment. The urine was noted to be malodourous.

l.  She was initially alert, and while waiting for admission to the unit, had a sudden change in mental status and hypotension with a BP of 80/36. She was in severe distress and unresponsive. She was noted to be in respiratory distress with agonal respirations. She was urgently intubated. A central line was placed and vasopressors were initiated to maintain her blood pressure. She was admitted to the hospital with a diagnoses of sepsis, urinary tract infection, acute renal failure with severe metabolic acidosis, severe dehydration, severe decubitus ulcer, stage IV, recent intraparenchymal hemorrhage, and acute respiratory failure, s/p intubation on vent.

m.  Ms. Brannon was evaluated by a Nephrologist and felt to be too unstable for dialysis. Her condition was critical and was deteriorating rapidly. She had multiple episodes of asystole, and she was coded multiple times. She did regain a pulse multiple times after essentially asystolic arrest. However, on the last arrest, despite optimal treatment, a pulse could not be recovered and she died.

18.

Based upon the above facts, your affiant has developed the following opinions about the care, treatment and services that the Golden Living Center staff provided to Annice Brannon:

1.  Golden Living Center staff failed to complete thorough physical assessments on Ms. Brannon.

2.  Golden Living Center staff failed to develop a care plan with appropriate

interventions for a resident at risk for dehydration.

3. Golden Living Center staff failed to develop a care plan for skin integrity for a resident admitted with skin issues.

4. Golden Living Center staff failed to recognize signs and symptoms of dehydration.

5. Golden Living Center staff failed to adequately monitor intake and output.

6. Golden Living Center staff failed to inform the physician and family of poor intake.

7. Golden Living Center staff failed to recognize Ms. Brannon's deteriorating condition and failed to transfer her to the hospital in a timely manner.

8. Golden Living Center staff failed to provide Ms. Brannon the highest practicable physical, mental, and psychosocial well-being.

19.

As a result of each one of the above described failures to follow the acceptable standards of care, Annice Brannon lacked appropriate health care, causing tremendous struggle, suffering and death.

20.

This Affidavit is given pursuant to the provisions of Official Code of Georgia Annotated§ 9-11-9.1, which states that a single negligent act or omission be specified in order for a Complaint to be filed in the Courts of Georgia. It is not intended to encompass all of the opinions presently held by me. Rather, as discovery progresses and additional information becomes available, I reserve the right to modify or alter or form additional opinions.

Further affiant sayeth not.

This ___ day of _____, 2015.

_____
Denise Dzialo, RN

_____
Sworn to and subscribed before me

this __ day of _____ 2015.

Notary Public
My commission expires: 8-15-2017



JOSEPH MICHAEL SCHINELL
MY COMMISSION # FF 042919
EXPIRES: August 5, 2017
Bonded Thru Budget Notary Services

**Denise Dzialo, R.N.**
**259 Chipola Cove**
**Destin, FL 32541**
**678-428-7787**

**Objective:**  To make a difference in how quality healthcare is delivered by utilizing my Management skills and Nursing
expertise. To use my Nursing background to do Legal Nurse Consultant work in LTC/Acute care settings, offering an
objective review of medical records.

**Expertise:**
* 30 plus years of Nursing in Acute and Long Term Care
* 30 plus years in  Nursing Management positions
* 7 yrs. Medical Sales Management
* 8 yrs. Legal Nurse Consulting
* Licensed RN in Ga., Fla., and Va.

**Education:**

| | |
|---|---|
| Columbus Hospital School of Nursing – Chicago, Ill. | 1966-1969 |
| DePaul University & Univ. of S. Florida | |
| DON LTC Administration Certification | 2006-present |
| LNC – Kaplan University | 2005-2006 |
| NADONA member | 2004-present |

**Experience:**

**Director of Nursing**
Lenbrook Square
Start up for Medicare certification 60 beds (**Deficiency free**)     11/10 -3/13

* responsible for ongoing weekly In servicing in all Nursing areas which was instrumental in getting our
C.N.A., LPN, and RN staff ready for certification. Monthly in servicing was ongoing.
* taught all phases of wound care Nursing practice in compliance with CMS requirements.
* Head of the wound care rounds done weekly in conjunction with our Wound Care physician and actively
did dressing changes, measurements and monitored Nursing documentation weekly.
* initiated a joint effort between our Rehab therapists and our Restorative nurse and we taught all Nursing
shifts the difference in assistance levels for resident transfers, and all ADL's. I conducted at the bedside
demonstrations to C.N.A's to help transfers improve due to frequent skin tear challenges.
* head of Infection Control with Medical Director oversight and followed all Infections from beginning to end
as well as percentage tracking and trending required by CMS. I attend frequent I.C seminars when
available. In servicing done quarterly to ensure Nurse compliance.
* conducted weekly "Nutritional Alert" meeting with the Interdisciplinary team, which included a Registered
Dietitian. I put all interventions in place.
* worked with the Care Plan Coordinator to update incidents and wound care on a daily basis. I did in
servicing for the Nursing staff to ensure current updated care plans. I did all follow up on any
resident/family concern that was voiced in Care Plan Conferences.
* responsible for CMS requirements addressing all special equipment and policies  used in resident care such
as enteral feeding, orthopedic appliances, specialty beds for pressure ulcer prevention, as well as specialty
alarms, and Wanderguard system used for resident safety.
* head of the Restraint committee and did assessments to ensure restraints should be used, as well as
assessments to discontinue restraints.
* conducted monthly Psychotropics meetings with the charge nurses as well as with our Pharmacy
consultant.

**Director of Nursing**                                                                 7/08 -11/10
Gwinnett Extended Care Center
Responsible for a 89 LTC facility **(Deficiency free 2011)**
**(See above job description)**


**Administrative Nursing Supervisor**                                          3/06 - 6/08
Wellstar Cobb Hospital
Responsible for Staffing, Bed Placement, Patient care for a 400 bed facility.

- responsible for all after hour admissions and bed placement, which included the opening of swing beds and calling in staff to handle large volumes of patients. Assignments were made based on my review of medical assessments and my patient observations made at the time of assessment.
- Assisted at bedside with the care of adult and geriatric patients when staffing was challenged. Part of my responsibilities included taking care of the needs of the patients on the units when others could not attend to them timely. Frequently I assisted Dr.'s at the bedside with exams and bedside procedures. I relieved the nurse on the unit for meals if there was no other replacement. I assisted in .adult and Geriatric patient care in the emergency room as well when acuity was high, helping with fresh emergencies and code situations. I answered call lights and assisted in dressing changes, the transferring of patients, and ADL care, when needed to ensure quality care was given timely. I assisted in the ICU unit when acuity became high and assessed conditions of patients when updates were requested by family members.
- active participant in all emergency procedures occurring on the units as well as the E.R., such as, Cardiac and Respiratory codes, of adults and Geriatrics.
- Rounded for outcomes on any high acuity patient situation as well as handling Nursing compliance regarding CMS, OSHA, and Joint Commission guidelines. Rounding for positioning compliance related to wound care and enteral feeding patients as well as checking restraint compliance. Chart auditing done for State and Federal compliance. Consulted with the WOCN when looking for treatment options for our complex wound patients.
- one on one Nursing education to ensure patient safety and physician order compliance as well as family education when issues presented.


**Director of Clinical Services**                                                   4/05-2/06
Select Specialty Hospital
Responsible for a 30 bed LTAC ventilator unit
(Same as DON job responsibilities for DON above with heavy emphasis on wound car and trach./vent/respiratory care.)


**Director of Nursing**                                                                 1998-2005
Cypress Healthcare
Woodstock Nursing and Rehabilitation Center
Responsible for a 170 bed LTC/Rehab. Facility
(Same as DON job responsibilities for DON above)


**Director of Nursing**                                                                 1996-1998
Ross Memorial Healthcare Center
Responsible for a 100 bed facility
(Same as DON job responsibilities above)


**Administrative Nursing Supervisor**                                          1994-1996
Shorham Nursing & Rehab Center 170 beds
(Same as DON job responsibilities as above.)

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

COBB COUNTY, GA
FILED IN OFFICE

2015 SEP 28  AM 11: 21

ANGIE T. DAVIS
STATE COURT CLERK-20

NELLIE SMITH, Individually and    as the )
Temporary and Anticipated Administrator )
of the Estate of ANNICE BRANNON, )
Deceased, )
)
     Plaintiff, )
)
v. )
)
GGNSC ROME, LLC d/b/a GOLDEN )
LIVINGCENTER-ROME; GGNSC )
HOLDINGS, LLC; GOLDEN GATE )
NATIONAL SENIOR CARE, LLC; GGNSC )
ADMINISTRATIVE SERVICES, LLC; )
GOLDEN GATE ANCILLARY, LLC; GGNSC )
CLINICAL SERVICES, LLC; and )
JOHN/JANE DOES I and II, )
)
     Defendants. )

CIVIL ACTION FILE NO.:

15 A 2254-6

## AFFIDAVIT OF SERVICE OF PROCESS

COMES NOW <u>JEANIE MOORE</u>, before the undersigned officer duly authorized to administer oaths, and being sworn on oath, deposes and states that she is not related to any party, has no interest in the above styled case, is not a convicted felon, is a resident of Georgia and is a native born citizen of the United States of America, and says:

1.

That I served <u>GGNSC ROME, LLC d/b/a GOLDEN LINVINGCENTER-ROME</u> upon their Registered Agent <u>CSC of Cobb County</u> at <u>192 Anderson Street SE, Suite 125, Marietta, GA 30060</u> with a Summons, Complaint for Damages, Plaintiff's First Request for Production of Documents to all Defendants and Plaintiff's First Interrogatories to all Defendants by handing the same to <u>Terri Thompson</u> on the <u>14th</u> day of September, 2015, at <u>1:48</u> o'clock <u>p</u> .m.

*(Signature on the following page)*

This ___ day of September, 2015.

_____
Jeanie Moore,
Process Server

Sworn to and subscribed before me this
___ day of ____, 2015.

_____
Notary Public
My Commission Expires: 10-28-16

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

COBB COUNTY, GA
FILED IN OFFICE

2015 SEP 28  AM 11: 20

ANGIE T. DAVIS
STATE COURT CLERK-20

NELLIE SMITH, Individually and    as the )
Temporary and Anticipated Administrator )
of the Estate of ANNICE BRANNON, )
Deceased, )
)
    Plaintiff, )
)
v. )
)
GGNSC ROME, LLC d/b/a GOLDEN )
LIVINGCENTER-ROME; GGNSC )
HOLDINGS, LLC; GOLDEN GATE )
NATIONAL SENIOR CARE, LLC; GGNSC )
ADMINISTRATIVE SERVICES, LLC; )
GOLDEN GATE ANCILLARY, LLC; GGNSC )
CLINICAL SERVICES, LLC; and )
JOHN/JANE DOES I and II, )
)
    Defendants. )

CIVIL ACTION FILE NO.:

15 A   2254-6

57

### AFFIDAVIT OF SERVICE OF PROCESS

COMES NOW JEANIE MOORE, before the undersigned officer duly authorized to administer oaths, and being sworn on oath, deposes and states that she is not related to any party, has no interest in the above styled case, is not a convicted felon, is a resident of Georgia and is a native born citizen of the United States of America, and says:

1.

That I served GGNSC HOLDINGS, LLC upon their Registered Agent CSC of Cobb County at 192 Anderson Street SE, Suite 125, Marietta, GA 30060 with a Summons, Complaint for Damages, Plaintiff's First Request for Production of Documents to all Defendants and Plaintiff's First Interrogatories to all Defendants by handing the same to Terri Thompson on the 14ᵗʰ day of September, 2015, at 1:48 o'clock p.m.

*(Signature on the following page)*

This 14ᵗʰ day of September, 2015.

_Jeanie Moore_

Jeanie Moore,
Process Server

Sworn to and subscribed before me this
_14_ day of _Sept_ , 2015.

_____
Notary Public
My Commission Expires: _10·28·16_

JAIME SICKLES
NOTARY PUBLIC
DEKALB COUNTY, GEORGIA
MY COMMISSION EXPIRES
OCTOBER 28, 2016

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

COBB COUNTY, GA
FILED IN OFFICE

2015 SEP 28  AM 11: 20

ANGIE T. DAVIS
STATE COURT CLERK-20

NELLIE SMITH, Individually and    as the )
Temporary and Anticipated Administrator )
of the Estate of ANNICE BRANNON, )
Deceased, )
         )
         Plaintiff, )
         )
v. )
         )
GGNSC ROME, LLC d/b/a GOLDEN )
LIVINGCENTER-ROME; GGNSC )
HOLDINGS, LLC; GOLDEN GATE )
NATIONAL SENIOR CARE, LLC; GGNSC )
ADMINISTRATIVE SERVICES, LLC; )
GOLDEN GATE ANCILLARY, LLC; GGNSC )
CLINICAL SERVICES, LLC; and )
JOHN/JANE DOES I and II, )
         )
         Defendants. )

CIVIL ACTION FILE NO.:

15 A 2254-6

## AFFIDAVIT OF SERVICE OF PROCESS

COMES NOW <u>JEANIE MOORE</u>, before the undersigned officer duly authorized to administer oaths, and being sworn on oath, deposes and states that she is not related to any party, has no interest in the above styled case, is not a convicted felon, is a resident of Georgia and is a native born citizen of the United States of America, and says:

1.

That I served <u>GOLDEN GATE NATIONAL SENIOR CARE, LLC</u> upon their Registered Agent <u>CSC of Cobb County</u> at <u>192 Anderson Street SE, Suite 125, Marietta, GA 30060</u> with a Summons, Complaint for Damages, Plaintiff's First Request for Production of Documents to all Defendants and Plaintiff's First Interrogatories to all Defendants by handing the same to _Terri Thompson_ on the _14th_ day of September, 2015, at _1:48_ o'clock _P_ .m.

*(Signature on the following page)*

This _14th_ day of September, 2015.

Jeanie Moore,
Process Server

Sworn to and subscribed before me this
14 day of Sept , 2015.

Notary Public
My Commission Expires: 10.28.16

JAIME SICKLES
MY COMMISSION EXPIRES
NOTARY
PUBLIC
OCTOBER 28, 2016
DEKALB COUNTY, GEORGIA

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

COBB COUNTY, GA
FILED IN OFFICE

2015 SEP 28  AM 11: 21

ANGIE T. DAVIS
STATE COURT CLERK-20

NELLIE SMITH, Individually and    as the )
Temporary and Anticipated Administrator )
of the Estate of ANNICE BRANNON, )
Deceased, )
       )
      Plaintiff, )
       )
v. )
       )
GGNSC ROME, LLC d/b/a GOLDEN )
LIVINGCENTER-ROME; GGNSC )
HOLDINGS, LLC; GOLDEN GATE )
NATIONAL SENIOR CARE, LLC; GGNSC )
ADMINISTRATIVE SERVICES, LLC; )
GOLDEN GATE ANCILLARY, LLC; GGNSC )
CLINICAL SERVICES, LLC; and )
JOHN/JANE DOES I and II, )
       )
      Defendants. )

CIVIL ACTION FILE NO.

15 A  2254-C

## AFFIDAVIT OF SERVICE OF PROCESS

COMES NOW <u>JEANIE MOORE</u>, before the undersigned officer duly authorized to administer oaths, and being sworn on oath, deposes and states that she is not related to any party, has no interest in the above styled case, is not a convicted felon, is a resident of Georgia and is a native born citizen of the United States of America, and says:

1.

That I served <u>GGNSC ADMINISTRATIVE SERVICES, LLC</u> upon their Registered Agent <u>CSC of Cobb County</u> at <u>192 Anderson Street SE, Suite 125, Marietta, GA 30060</u> with a Summons, Complaint for Damages, Plaintiff's First Request for Production of Documents to all Defendants and Plaintiff's First Interrogatories to all Defendants by handing the same to <u>Terri Thompson</u> on the <u>14th</u> day of September, 2015, at <u>1:48</u> o'clock <u>P</u> .m.

*(Signature on the following page)*

This <u>14th</u> day of September, 2015.



Jeanie Moore,
Process Server

Sworn to and subscribed before me this
____14____ day of ___Sept___, 2015.

_____
Notary Public
My Commission Expires: __10·29·16__

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

COBB COUNTY, GA
FILED IN OFFICE

2015 SEP 28  AM 11: 20

ANGIE T. DAVIS
STATE COURT CLERK-20

NELLIE SMITH, Individually and    as the )
Temporary and Anticipated Administrator )
of the Estate of ANNICE BRANNON, )
Deceased, )
)
     Plaintiff, )
)
v. )
)
GGNSC ROME, LLC d/b/a GOLDEN )
LIVINGCENTER-ROME; GGNSC )
HOLDINGS, LLC; GOLDEN GATE )
NATIONAL SENIOR CARE, LLC; GGNSC )
ADMINISTRATIVE SERVICES, LLC; )
GOLDEN GATE ANCILLARY, LLC; GGNSC )
CLINICAL SERVICES, LLC; and )
JOHN/JANE DOES I and II, )
)
     Defendants. )

CIVIL ACTION FILE NO.:

15 A 82546

## AFFIDAVIT OF SERVICE OF PROCESS

COMES NOW JEANIE MOORE, before the undersigned officer duly authorized to administer oaths, and being sworn on oath, deposes and states that she is not related to any party, has no interest in the above styled case, is not a convicted felon, is a resident of Georgia and is a native born citizen of the United States of America, and says:

1.

That I served GOLDEN GATE ANCILLARY, LLC upon their Registered Agent CSC of Cobb County at 192 Anderson Street SE, Suite 125, Marietta, GA 30060 with a Summons, Complaint for Damages, Plaintiff's First Request for Production of Documents to all Defendants and Plaintiff's First Interrogatories to all Defendants by handing the same to Terri Thompson on the 14th day of September, 2015, at 1:48 o'clock p.m.

*(Signature on the following page)*

This 14th day of September, 2015.

_Jeanie Moore,_
Jeanie Moore,
Process Server

Sworn to and subscribed before me this
14 day of Sept , 2015.

Notary Public
My Commission Expires: 10-28-16

JAIME SICKLES
MY COMMISSION EXPIRES
NOTARY
PUBLIC
OCTOBER 28, 2016
DEKALB COUNTY, GEORGIA

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

COBB COUNTY, GA
FILED IN OFFICE

2015 SEP 28  AM 11: 20

ANGIE T. DAVIS
STATE COURT CLERK-20

NELLIE SMITH, Individually and    as the )
Temporary and Anticipated Administrator )
of the Estate of ANNICE BRANNON, )
Deceased, )
)
     Plaintiff, )
)
v. )
)
GGNSC ROME, LLC d/b/a GOLDEN )
LIVINGCENTER-ROME; GGNSC )
HOLDINGS, LLC; GOLDEN GATE )
NATIONAL SENIOR CARE, LLC; GGNSC )
ADMINISTRATIVE SERVICES, LLC; )
GOLDEN GATE ANCILLARY, LLC; GGNSC )
CLINICAL SERVICES, LLC; and )
JOHN/JANE DOES I and II, )
)
     Defendants. )

CIVIL ACTION FILE NO.

15 A 8854 6

## AFFIDAVIT OF SERVICE OF PROCESS

COMES NOW <u>JEANIE MOORE</u>, before the undersigned officer duly authorized to administer oaths, and being sworn on oath, deposes and states that she is not related to any party, has no interest in the above styled case, is not a convicted felon, is a resident of Georgia and is a native born citizen of the United States of America, and says:

1.

That I served <u>GGNSC CLINICAL SERVICES, LLC</u> upon their Registered Agent <u>CSC of Cobb County</u> at <u>192 Anderson Street SE, Suite 125, Marietta, GA 30060</u> with a Summons, Complaint for Damages, Plaintiff's First Request for Production of Documents to all Defendants and Plaintiff's First Interrogatories to all Defendants by handing the same to <u>Terri Thompson</u> on the 14th day of September, 2015, at <u>1:48</u> o'clock <u>p</u>.m.

*(Signature on the following page)*

This 14th day of September, 2015.

Jeanne Moore,
Process Server

Sworn to and subscribed before me this
14 day of Sept , 2015.

Notary Public
My Commission Expires: 10-28-16

JAIME SICKLES
MY COMMISSION EXPIRES
OCTOBER 28, 2016
NOTARY
PUBLIC
DEKALB COUNTY, GEORGIA

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

COBB COUNTY, GA
FILED IN OFFICE

15 OCT -9 AM 10: 50

ANGIE T. DAVIS
STATE COURT CLERK-13

NELLIE SMITH, Individually and as the
Temporary and Anticipated Administrator
of the Estate of ANNICE BRANNON,
Deceased,

      Plaintiff,

v.

GGNSC ROME, LLC d/b/a GOLDEN
LIVING CENTER - ROME; GGNSC
HOLDINGS, LLC; GOLDEN GATE
NATIONAL SENIOR CARE, LLC; GGNSC
ADMINISTRATIVE SERVICES, LLC;
GOLDEN GATE ANCILLARY, LLC; GGNSC
CLINICAL SERVICES, LLC; and
JOHN/JANE DOES I and II,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION FILE
NO. 15-A-2254-6

## DEFENDANTS' NOTICE OF REMOVAL

PLEASE TAKE NOTICE that a Petition for Removal of the above-styled action from the State Court of Cobb County, State of Georgia, to the United States District Court for the Northern District of Georgia, Rome Division has been filed this same day. (A true and correct copy of said Petition for Removal is attached hereto as Exhibit "A").

You are also advised that Defendants have filed a copy of said Petition for Removal with the Clerk of this Court and removed this case from the jurisdiction of the State Court of Cobb County in accordance with the provisions of 28 U.S.C. § 1441, et seq.

By virtue of the controlling federal law, the aforesaid case is now removed, and all further proceedings before this Court are stayed.

***Signatures Commence on Following Page***

This 9th day of October, 2015.

HAWKINS PARNELL
THACKSTON & YOUNG LLP

_____
David C. Marshall
Georgia Bar No. 471512
Christian J. Lang
Georgia Bar No. 435437
Kyle L. Parker
Georgia Bar No. 556136

*Counsel for Defendants*

303 Peachtree Street, N.E.
Suite 4000
Atlanta, GA  30308
Telephone: (404) 614-7400
Facsimile: (404) 614-7500

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| NELLIE SMITH, Individually and as the Temporary and Anticipated Administrator of the Estate of ANNICE BRANNON, Deceased, | ) ) ) ) | |
| | ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE NO. _____ |
| v. | ) ) ) | |
| GGNSC ROME, LLC d/b/a GOLDEN LIVING CENTER - ROME; GGNSC HOLDINGS, LLC; GOLDEN GATE NATIONAL SENIOR CARE, LLC; GGNSC ADMINISTRATIVE SERVICES, LLC; GOLDEN GATE ANCILLARY, LLC, GGNSC CLINICAL SERVICES, LLC; and JOHN/JANE DOES I and II, | ) ) ) ) ) ) ) ) ) | |
| Defendant. | ) ) | |

## PETITION FOR REMOVAL

COMES NOW GGNSC Rome, LLC, d/b/a Golden Living Center Rome, GGNSE Holdings, LLC, Golden Gate National Senior Care, LLC, GGNSC Administrative Services, LLC, Golden Gate Ancillary, LLC and GGNSC Clinical Services, LLC (hereinafter "Defendants") and hereby files this Petition for Removal, pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, and 1446 et seq., and shows this Court the following:

1.

The present action was commenced by the Plaintiff in the State Court of Cobb County. The suit is identified as <u>Nellie Smith, Individually and as the Temporary and Anticipated Administrator of the Estate of Annice Brannon, Deceased v. GGNSC Rome, LLC d/b/a Golden Living Center - Rome, GGNSC Holdings, LLC, Golden Gate National Senior Care, LLC, GGNSC Administrative Services, LLC, Golden Gate Ancillary, LLC; GGNSC Clinical Services, LLC and John/Jane Does I and II</u>, State Court of Cobb County, Civil Action File No. 15-A-2254-6.

2.

The Complaint was the initial pleading setting forth the claim for relief upon which this action is based. (A true and correct copy of the Plaintiff's Summons, Complaint, Sheriff's Entry of Service, Defendants' Notice of Removal and Defendants' Answers are attached hereto as Exhibit "A"). The earliest knowledge and first notice by Defendant, or its agents, of Plaintiff's Complaint was September 15, 2015.

3.

The filing of this Petition for Removal is timely in that it has been filed within thirty (30) days of the date of the Defendants first receiving notice of Plaintiff's Complaint.

4.

This action is of a civil nature.  The substance of Plaintiff's Complaint is that Golden Living Center Rome, a long term care facility in which Annice Brannon was a resident, deviated from the standard of care in that Golden Living Center Rome's nursing staff failed to provide adequate medical care which allowed various medical conditions to worsen and ultimately resulting in the death of Annice Brannon.

5.

Plaintiff is seeking damages for past medical expenses, past pain and suffering and bodily injury and wrongful death.

6.

Upon information and belief, Plaintiff is a citizen of the State of Georgia.

7.

Defendant GGNSC Rome, LLC, d/b/a Golden Living Center Rome is a Delaware limited liability company.  GGNSC Rome, LLC's sole member is GGNSC

Equity Holdings, LLC, a Delaware limited liability company.  GGNSC Equity Holdings, LLC's sole member is Defendant Golden Gate National Senior Care, LLC, a Delaware limited liability company whose sole member is Defendant GGNSC Holdings, LLC.  Defendant GGNSC Holdings, LLC is a Delaware limited liability company whose sole member is Drumm Corp.  Drumm Corp is a Delaware corporation with its principal place of business in California.  Therefore, for purposes of diversity jurisdiction, GGNSC Rome, LLC is a citizen of Delaware and California.

8.

Defendant GGNSC Holdings, LLC is a Delaware limited liability company whose sole member is Drumm Corp.  Drumm Corp is a Delaware corporation with its principal place of business in California.  Therefore, for purposes of diversity jurisdiction, GGNSC Holdings, LLC is a citizen of Delaware and California.

9.

Defendant Golden Gate National Senior Care, LLC, is a Delaware limited liability company whose sole member is Defendant GGNSC Holdings, LLC. Defendant GGNSC Holdings, LLC is a Delaware limited liability company whose sole member is Drumm Corp.  Drumm Corp is a Delaware corporation with its principal place of business in California.  Therefore, for purposes of diversity jurisdiction,

4

Defendant Golden Gate National Senior Care, LLC is a citizen of Delaware and California.

10.

Defendant GGNSC Administrative Services, LLC is a Delaware limited liability company whose sole member is Defendant GGNSC Holdings, LLC. Defendant GGNSC Holdings, LLC is a Delaware limited liability company whose sole member is Drumm Corp. Drumm Corp is a Delaware corporation with its principal place of business in California. Therefore, for purposes of diversity jurisdiction, Defendant GGNSC Administrative Services, LLC is a citizen of Delaware and California.

11.

Defendant Golden Gate Ancillary, LLC is a Delaware limited liability company whose sole member is Defendant GGNSC Holdings, LLC. Defendant GGNSC Holdings, LLC is a Delaware limited liability company whose sole member is Drumm Corp. Drumm Corp is a Delaware corporation with its principal place of business in California. Therefore, for purposes of diversity jurisdiction, Defendant Golden Gate Ancillary, LLC is a citizen of Delaware and California.

12.

Defendant GGNSC Clinical Services, LLC is a Delaware limited liability company whose sole member is Defendant Golden Gate National Senior Care, LLC, a Delaware limited liability company.  Defendant Golden Gate National Senior Care, LLC's sole member is Defendant GGNSC Holdings, LLC.  Defendant GGNSC Holdings, LLC is a Delaware limited liability company whose sole member is Drumm Corp.  Drumm Corp is a Delaware corporation with its principal place of business in California.   Therefore, for purposes of diversity jurisdiction, GGNSC Clinical Services, LLC is a citizen of Delaware and California.

13.

There exists complete diversity among the parties who are presently before the Court.

14.

This Court has jurisdiction under 28 U.S.C. § 1332 and, therefore, this action is one which may be removed to this Court by the Petitioners/Defendants, pursuant to the provisions of 28 U.S.C. §§ 1441 and 1441(b), in that it is a civil action in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is an action between citizens of different states.

6

WHEREFORE, Petitioners, GGNSC Rome, LLC, d/b/a Golden Living Center Rome, GGNSE Holdings, LLC, Golden Gate National Senior Care, LLC, GGNSC Administrative Services, LLC, Golden Gate Ancillary, LLC and GGNSC Clinical Services, LLC, the named Defendants in the action described hereinabove which is currently pending in the State Court of Cobb County, State of Georgia, Civil Action File No. 15-A-2254-6, pray that this action be removed therefrom to this Court.

Respectfully submitted this 9th day of October, 2015.

**HAWKINS PARNELL THACKSTON & YOUNG** [LLP]

/s/ Christian J. Lang
David C. Marshall
Georgia Bar No. 471512
Christian J. Lang
Georgia Bar No. 435437
Kyle L. Parker
Georgia Bar No. 556136

*Counsel for Defendants*

303 Peachtree Street, N.E.
Suite 4000
Atlanta, GA 30308-3243
Telephone:  (404) 614-7400
Facsimile:  (404) 614-7500
E-mail:  dmarshall@hptylaw.com
E-mail:  clang@hptylaw.com
E-mail : kparker@hptylaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| NELLIE SMITH, Individually and as the Temporary and Anticipated Administrator of the Estate of ANNICE BRANNON, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE NO. _____ |
| v. | ) ) | |
| GGNSC ROME, LLC d/b/a GOLDEN LIVING CENTER - ROME; GGNSC HOLDINGS, LLC; GOLDEN GATE NATIONAL SENIOR CARE, LLC; GGNSC ADMINISTRATIVE SERVICES, LLC; GOLDEN GATE ANCILLARY, LLC, GGNSC CLINICAL SERVICES, LLC; and JOHN/JANE DOES I and II, | ) ) ) ) ) ) ) ) ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of the

within and foregoing **PETITION FOR REMOVAL** with the Clerk of Court using

the CM/ECF system which will automatically send email notification of such filing

to all attorneys of record, listed below, who are registered participants in the

Court's electronic notice and filing system and each of whom may access said

8

filing via the Court's CM/ECF System and by depositing same in the United States

with sufficient postage affixed thereon and addressed as follows:

W. Todd Harvey
Burke Harvey, LLC
3535 Grandview Parkway
Suite 100
Birmingham, Alabama  35243

Michael A. Prieto, Esq.
William F. Holbert, Esq.
Slover, Prieto, Marigliano & Holbert, LLC
Two Ravina Drive, Suite 1330
Atlanta, Georgia  30346

This 9th day of October, 2015.

HAWKINS PARNELL
THACKSTON & YOUNG LLP

/s/Christian J. Lang
Christian J. Lang
*Counsel for Defendants*

303 Peachtree Street, N.E.
Suite 4000
Atlanta, GA 30308-3243
Telephone:  (404) 614-7400
Facsimile:  (404) 614-7500
E-mail: clang@hptylaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

NELLIE SMITH, Individually and as the )
Temporary and Anticipated Administrator )
of the Estate of ANNICE BRANNON, )
Deceased, )
)
      Plaintiff, )
) CIVIL ACTION FILE
) NO. _____
v. )
)
GGNSC ROME, LLC d/b/a GOLDEN )
LIVING CENTER - ROME; GGNSC )
HOLDINGS, LLC; GOLDEN GATE )
NATIONAL SENIOR CARE, LLC; )
GGNSC ADMINISTRATIVE SERVICES, )
LLC; GOLDEN GATE ANCILLARY, )
LLC, GGNSC CLINICAL SERVICES, )
LLC; and JOHN/JANE DOES I and II, )
)
      Defendant. )

## LR 7.1(D), NDGa. CERTIFICATE

I, Christian J. Lang, hereby certify that the foregoing **PETITION FOR REMOVAL** has been prepared with one of the font and point selections approved by the Court in LR 5.1, NDGa.

***Signature Appears on Following Page***

10

This, the 9th day of October, 2015.

**HAWKINS PARNELL**
**THACKSTON & YOUNG** [LLP]

*/s/ Christian J. Lang*
Christian J. Lang
*Counsel for Defendants*

303 Peachtree Street, N.E.
Suite 4000
Atlanta, GA 30308-3243
Telephone:  (404) 614-7400
Facsimile:  (404) 614-7500
E-mail: clang@hptylaw.com

11

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

NELLIE SMITH, Individually and as the )
Temporary and Anticipated Administrator )
of the Estate of ANNICE BRANNON, )
Deceased, )
                                         )
       Plaintiff, )
                                         )
v. )
                                         )
GGNSC ROME, LLC d/b/a GOLDEN )
LIVING CENTER - ROME; GGNSC )
HOLDINGS, LLC; GOLDEN GATE )
NATIONAL SENIOR CARE, LLC; GGNSC )
ADMINISTRATIVE SERVICES, LLC; )
GOLDEN GATE ANCILLARY, LLC; GGNSC )
CLINICAL SERVICES, LLC; and )
JOHN/JANE DOES I and II, )
                                         )
      Defendants. )

CIVIL ACTION FILE
NO. 15-A2254-6

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a true and correct copy of the within and foregoing **DEFENDANTS' NOTICE OF REMOVAL** to the Plaintiff's counsel by United States Mail and addressed as follows:

W. Todd Harvey
Burke Harvey, LLC
3535 Grandview Parkway
Suite 100
Birmingham, Alabama  35243

Michael A. Prieto, Esq.
William F. Holbert, Esq.
Slover, Prieto, Marigliano & Holbert, LLC
Two Ravina Drive, Suite 1330
Atlanta, Georgia  30346

***Signatures Commence on Following Page***

This 9th day of October, 2015.

David C. Marshall
Christian J. Lang
Kyle L. Parker

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

NELLIE SMITH, Individually and as the )
Temporary and Anticipated Administrator )
of the Estate of ANNICE BRANNON, )
Deceased, )
)
      Plaintiff, )    CIVIL ACTION FILE
)     NO. 15-A-2254-6
v. )
)
GGNSC ROME, LLC d/b/a GOLDEN )
LIVING CENTER - ROME; GGNSC )
HOLDINGS, LLC; GOLDEN GATE )
NATIONAL SENIOR CARE, LLC; GGNSC )
ADMINISTRATIVE SERVICES, LLC; )
GOLDEN GATE ANCILLARY, LLC; GGNSC )
CLINICAL SERVICES, LLC; and )
JOHN/JANE DOES I and II, )
)
      Defendants. )

## DEFENDANTS' AMENDED NOTICE OF REMOVAL

PLEASE TAKE NOTICE Defendants hereby file an Amended Notice of Removal to properly reflect that the Petition for Removal of the above-styled action from the State Court of Cobb County, State of Georgia, was filed this same day in the United States District Court for the Northern District of Georgia, Atlanta Division - as opposed to the Rome Division. (A true and correct copy of said Petition for Removal is attached hereto as Exhibit "A").

You are also advised that Defendants have filed a copy of said Petition for Removal with the Clerk of this Court and removed this case from the jurisdiction of the State Court of Cobb County in accordance with the provisions of 28 U.S.C. § 1441, et seq.

By virtue of the controlling federal law, the aforesaid case is now removed, and all further proceedings before this Court are stayed.

***Signatures Commence on Following Page***

This 9th day of October, 2015.

HAWKINS PARNELL
  THACKSTON & YOUNG LLP

David C. Marshall
Georgia Bar No. 471512
Christian J. Lang
Georgia Bar No. 435437
Kyle L. Parker
Georgia Bar No. 556136

*Counsel for Defendants*

303 Peachtree Street, N.E.
Suite 4000
Atlanta, GA  30308
Telephone: (404) 614-7400
Facsimile: (404) 614-7500

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NELLIE SMITH, Individually and as the )
Temporary and Anticipated Administrator )
of the Estate of ANNICE BRANNON, )
Deceased, )
                                       )
      Plaintiff, )      CIVIL ACTION FILE
                                         )      NO. _____
v. )
                                         )
GGNSC ROME, LLC d/b/a GOLDEN )
LIVING CENTER - ROME; GGNSC )
HOLDINGS, LLC; GOLDEN GATE )
NATIONAL SENIOR CARE, LLC; )
GGNSC ADMINISTRATIVE SERVICES, )
LLC; GOLDEN GATE ANCILLARY, )
LLC, GGNSC CLINICAL SERVICES, )
LLC; and JOHN/JANE DOES I and II, )
                                         )
      Defendants. )

## PETITION FOR REMOVAL

COMES NOW GGNSC Rome, LLC, d/b/a Golden Living Center Rome, GGNSC Holdings, LLC, Golden Gate National Senior Care, LLC, GGNSC Administrative Services, LLC, Golden Gate Ancillary, LLC and GGNSC Clinical Services, LLC (hereinafter "Defendants") and hereby files this Petition for Removal, pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, and 1446 <u>et</u> <u>seq.</u>, and shows this Court the following:

1.

The present action was commenced by the Plaintiff in the State Court of Cobb County.  The suit is identified as <u>Nellie Smith, Individually and as the Temporary and Anticipated Administrator of the Estate of Annice Brannon, Deceased v. GGNSC Rome, LLC d/b/a Golden Living Center - Rome, GGNSC Holdings, LLC, Golden Gate National Senior Care, LLC, GGNSC Administrative Services, LLC, Golden Gate Ancillary, LLC; GGNSC Clinical Services, LLC and John/Jane Does I and II</u>, State Court of Cobb County, Civil Action File No. 15-A-2254-6.

2.

The Complaint was the initial pleading setting forth the claim for relief upon which this action is based.  (A true and correct copy of the Plaintiff's Summons, Complaint, Sheriff's Entry of Service, Defendants' Notice of Removal, Defendants' Amended Notice of Removal and Defendants' Answers are attached hereto as Exhibit "A").  The earliest knowledge and first notice by Defendant, or its agents, of Plaintiff's Complaint was September 15, 2015.

3.

The filing of this Petition for Removal is timely in that it has been filed within thirty (30) days of the date of the Defendants first receiving notice of Plaintiff's Complaint.

4.

This action is of a civil nature.  The substance of Plaintiff's Complaint is that Golden Living Center Rome, a long term care facility in which Annice Brannon was a resident, deviated from the standard of care in that Golden Living Center Rome's nursing staff failed to provide adequate medical care which allowed various medical conditions to worsen and ultimately resulting in the death of Annice Brannon.

5.

Plaintiff is seeking damages for past medical expenses, past pain and suffering and bodily injury and wrongful death.

6.

Upon information and belief, Plaintiff is a citizen of the State of Georgia.

7.

Defendant GGNSC Rome, LLC, d/b/a Golden Living Center Rome is a Delaware limited liability company.  GGNSC Rome, LLC's sole member is GGNSC

Equity Holdings, LLC, a Delaware limited liability company. GGNSC Equity Holdings, LLC's sole member is Defendant Golden Gate National Senior Care, LLC, a Delaware limited liability company whose sole member is Defendant GGNSC Holdings, LLC. Defendant GGNSC Holdings, LLC is a Delaware limited liability company whose sole member is Drumm Corp. Drumm Corp is a Delaware corporation with its principal place of business in California. Therefore, for purposes of diversity jurisdiction, GGNSC Rome, LLC is a citizen of Delaware and California.

8.

Defendant GGNSC Holdings, LLC is a Delaware limited liability company whose sole member is Drumm Corp. Drumm Corp is a Delaware corporation with its principal place of business in California. Therefore, for purposes of diversity jurisdiction, GGNSC Holdings, LLC is a citizen of Delaware and California.

9.

Defendant Golden Gate National Senior Care, LLC, is a Delaware limited liability company whose sole member is Defendant GGNSC Holdings, LLC. Defendant GGNSC Holdings, LLC is a Delaware limited liability company whose sole member is Drumm Corp. Drumm Corp is a Delaware corporation with its principal place of business in California. Therefore, for purposes of diversity jurisdiction,

4

Defendant Golden Gate National Senior Care, LLC is a citizen of Delaware and California.

10.

Defendant GGNSC Administrative Services, LLC is a Delaware limited liability company whose sole member is Defendant GGNSC Holdings, LLC. Defendant GGNSC Holdings, LLC is a Delaware limited liability company whose sole member is Drumm Corp. Drumm Corp is a Delaware corporation with its principal place of business in California. Therefore, for purposes of diversity jurisdiction, Defendant GGNSC Administrative Services, LLC is a citizen of Delaware and California.

11.

Defendant Golden Gate Ancillary, LLC is a Delaware limited liability company whose sole member is Defendant GGNSC Holdings, LLC. Defendant GGNSC Holdings, LLC is a Delaware limited liability company whose sole member is Drumm Corp. Drumm Corp is a Delaware corporation with its principal place of business in California. Therefore, for purposes of diversity jurisdiction, Defendant Golden Gate Ancillary, LLC is a citizen of Delaware and California.

12.

Defendant GGNSC Clinical Services, LLC is a Delaware limited liability company whose sole member is Defendant Golden Gate National Senior Care, LLC, a Delaware limited liability company.  Defendant Golden Gate National Senior Care, LLC's sole member is Defendant GGNSC Holdings, LLC.  Defendant GGNSC Holdings, LLC is a Delaware limited liability company whose sole member is Drumm Corp.  Drumm Corp is a Delaware corporation with its principal place of business in California.  Therefore, for purposes of diversity jurisdiction, GGNSC Clinical Services, LLC is a citizen of Delaware and California.

13.

There exists complete diversity among the parties who are presently before the Court.

14.

This Court has jurisdiction under 28 U.S.C. § 1332 and, therefore, this action is one which may be removed to this Court by the Petitioners/Defendants, pursuant to the provisions of 28 U.S.C. §§ 1441 and 1441(b), in that it is a civil action in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is an action between citizens of different states.

6

WHEREFORE, Petitioners, GGNSC Rome, LLC, d/b/a Golden Living Center Rome, GGNSC Holdings, LLC, Golden Gate National Senior Care, LLC, GGNSC Administrative Services, LLC, Golden Gate Ancillary, LLC and GGNSC Clinical Services, LLC, the named Defendants in the action described hereinabove which is currently pending in the State Court of Cobb County, State of Georgia, Civil Action File No. 15-A-2254-6, pray that this action be removed therefrom to this Court.

Respectfully submitted this 9th day of October, 2015.

**HAWKINS PARNELL THACKSTON & YOUNG** LLP

/s/ Christian J. Lang
David C. Marshall
Georgia Bar No. 471512
Christian J. Lang
Georgia Bar No. 435437
Kyle L. Parker
Georgia Bar No. 556136

*Counsel for Defendants*

303 Peachtree Street, N.E.
Suite 4000
Atlanta, GA 30308-3243
Telephone:  (404) 614-7400
Facsimile:  (404) 614-7500
E-mail:  dmarshall@hptylaw.com
E-mail:  clang@hptylaw.com
E-mail : kparker@hptylaw.com

7

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NELLIE SMITH, Individually and as the )
Temporary and Anticipated Administrator )
of the Estate of ANNICE BRANNON, )
Deceased, )
           )
        Plaintiff, )    CIVIL ACTION FILE
           )    NO. _____
v. )
           )
GGNSC ROME, LLC d/b/a GOLDEN )
LIVING CENTER - ROME; GGNSC )
HOLDINGS, LLC; GOLDEN GATE )
NATIONAL SENIOR CARE, LLC; )
GGNSC ADMINISTRATIVE SERVICES, )
LLC; GOLDEN GATE ANCILLARY, )
LLC, GGNSC CLINICAL SERVICES, )
LLC; and JOHN/JANE DOES I and II, )
           )
        Defendant. )

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of the

within and foregoing **PETITION FOR REMOVAL** with the Clerk of Court using

the CM/ECF system which will automatically send email notification of such filing

to all attorneys of record, listed below, who are registered participants in the

Court's electronic notice and filing system and each of whom may access said

filing via the Court's CM/ECF System and by depositing same in the United States

with sufficient postage affixed thereon and addressed as follows:

W. Todd Harvey
Burke Harvey, LLC
3535 Grandview Parkway
Suite 100
Birmingham, Alabama  35243

Michael A. Prieto, Esq.
William F. Holbert, Esq.
Slover, Prieto, Marigliano & Holbert, LLC
Two Ravina Drive, Suite 1330
Atlanta, Georgia  30346

This 9th day of October, 2015.

HAWKINS PARNELL
THACKSTON & YOUNG LLP

/s/ Christian J. Lang
Christian J. Lang
*Counsel for Defendants*

303 Peachtree Street, N.E.
Suite 4000
Atlanta, GA 30308-3243
Telephone:  (404) 614-7400
Facsimile:  (404) 614-7500
E-mail: clang@hptylaw.com

9

COBB COUNTY, GA
FILED IN OFFICE

15 OCT -9 PM 2:45

ANGIE C. DAVIS
CLERK OF COURT CLERK-13

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| NELLIE SMITH, Individually and as the Temporary and Anticipated Administrator of the Estate of ANNICE BRANNON, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE NO. _____ |
| v. | ) ) | |
| GGNSC ROME, LLC d/b/a GOLDEN LIVING CENTER - ROME; GGNSC HOLDINGS, LLC; GOLDEN GATE NATIONAL SENIOR CARE, LLC; GGNSC ADMINISTRATIVE SERVICES, LLC; GOLDEN GATE ANCILLARY, LLC, GGNSC CLINICAL SERVICES, LLC; and JOHN/JANE DOES I and II, | ) ) ) ) ) ) ) ) ) | |
| Defendant. | ) ) | |

## LR 7.1(D), NDGa. CERTIFICATE

I, Christian J. Lang, hereby certify that the foregoing **PETITION FOR REMOVAL** has been prepared with one of the font and point selections approved by the Court in LR 5.1, NDGa.

***Signature Appears on Following Page***

10

This, the 9th day of October, 2015.

HAWKINS PARNELL
THACKSTON & YOUNG LLP

*/s/ Christian J. Lang*
Christian J. Lang
*Counsel for Defendants*

303 Peachtree Street, N.E.
Suite 4000
Atlanta, GA 30308-3243
Telephone:  (404) 614-7400
Facsimile:  (404) 614-7500
E-mail: clang@hptylaw.com

11

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| NELLIE SMITH, Individually and as the Temporary and Anticipated Administrator of the Estate of ANNICE BRANNON, Deceased,<br><br>       Plaintiff,<br><br>v.<br><br>GGNSC ROME, LLC d/b/a GOLDEN LIVING CENTER - ROME; GGNSC HOLDINGS, LLC; GOLDEN GATE NATIONAL SENIOR CARE, LLC; GGNSC ADMINISTRATIVE SERVICES, LLC; GOLDEN GATE ANCILLARY, LLC; GGNSC CLINICAL SERVICES, LLC; and JOHN/JANE DOES I and II,<br><br>       Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION FILE NO. 15-A2254-6 |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of the within and foregoing **DEFENDANTS' AMENDED NOTICE OF REMOVAL** to the Plaintiff's counsel by United States Mail and addressed as follows:

W. Todd Harvey
Burke Harvey, LLC
3535 Grandview Parkway
Suite 100
Birmingham, Alabama  35243

Michael A. Prieto, Esq.
William F. Holbert, Esq.
Slover, Prieto, Marigliano & Holbert, LLC
Two Ravina Drive, Suite 1330
Atlanta, Georgia  30346

***Signatures Commence on Following Page***

This 9th day of October, 2015.

_____
David C. Marshall
Christian J. Lang
Kyle L. Parker

2